UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTOPHER BUSBY,

                        Plaintiff

v.

UNKNOWN OFFICER 1, et al.,

                     Defendants

Case No. 2:19-cv-01555-APG-BNW

**SCREENING ORDER**

Plaintiff Christopher Busby is in the custody of the of the federal bureau of prisons.  He has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and a motion regarding the status of this case. ECF Nos. 1-1, 6, 9. The matter of the filing fee shall be temporarily deferred.  I now screen Busby's complaint and address his motion.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

1    Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

2 because they are no more than mere conclusions, are not entitled to the assumption of truth."

3 *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the

4 framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are

5 well-pleaded factual allegations, a court should assume their veracity and then determine

6 whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a

7 complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

8 reviewing court to draw on its judicial experience and common sense." *Id.*

9    Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

10 *sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes

11 claims based on legal conclusions that are untenable (e.g., claims against defendants who are

12 immune from suit or claims of infringement of a legal interest which clearly does not exist), as

13 well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See*

14 *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795,

15 798 (9th Cir. 1991).

16 **II.    SCREENING OF COMPLAINT**

17    Busby sues two unknown officers for events that occurred when he was being transported

18 from court to the Las Vegas detention center. ECF No. 1-1 at 4.   He alleges that when he was

19 exiting the paddy wagon, his shackles caught on something, causing him to fall face first out of

20 the vehicle and onto asphalt.  He lost consciousness when he hit the asphalt.  When he regained

21 consciousness, two unknown officers forced him to walk to the door, which was at least 500 feet.

22 His ankles felt like they were broken.  The officers then put him in a wheelchair, but they refused

23 his request for medical attention.  Based on these allegations, Busby claims that his Eighth

1  Amendment rights were violated.

2     **A.  No Named Defendants**

3        As an initial matter, Busby's case cannot proceed to service without a named defendant

4  to serve.  As such, I dismiss Busby's complaint without prejudice and with leave to amend.  If

5  Busby does not know the names of any of the defendants, he should utilize available prison

6  procedures to learn the names of the two unknown officers.  If he still cannot discover their

7  names after using available prison procedures, he must file a properly supported and complete

8  motion under Federal Rule of Civil Procedure 45 for a subpoena duces tecum.[1]  I will briefly

9  address the substance of Busby's complaint.

10    **B.  Eighth Amendment Claim**

11       Busby does not explain his Eighth Amendment claim, but based on the allegations in the

12 complaint, it appears he is attempting to bring a claim of deliberate indifference to a serious

13 medical need.  The Eighth Amendment prohibits the imposition of cruel and unusual punishment

14 and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and

15 decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth

16 Amendment when he acts with "deliberate indifference" to the serious medical needs of an

17 inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment

18 violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious

19 enough to constitute cruel and unusual punishment—and a subjective standard—deliberate

20 indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

21

22       [1] If Busby takes this route, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information

23 Busby is seeking and also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena.  Busby is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

1    To establish the first prong, "the plaintiff must show a serious medical need by

2 demonstrating that failure to treat a prisoner's condition could result in further significant injury

3 or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

4 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must

5 show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and

6 (b) harm caused by the indifference." *Id*.  "Indifference may appear when prison officials deny,

7 delay or intentionally interfere with medical treatment, or it may be shown by the way in which

8 prison physicians provide medical care." *Id*. (internal quotations omitted).  When a prisoner

9 alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show

10 that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d

11 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to

12 state a claim of deliberate medical indifference").

13    Busby's allegations are too vague to demonstrate either that he had a serious medical

14 need, or that the two officers were aware of his serious medical need and were deliberately

15 indifferent to it.  Busby alleges that he fell onto asphalt and that his ankles felt like they were

16 broken.  But based on the complaint it appears that his ankles were not actually broken, and

17 Busby does not provide any further details about the nature of his injuries.

18    Busby does not allege that he told the unknown officer about his ankle pain or described

19 any other injuries.  Thus, it is not clear from the complaint whether the unknown officers were

20 aware of the extent of his injuries.  The allegations do not demonstrate that the officers were

21 deliberately indifferent to Busby's serious medical needs, and the complaint fails to state a

22 colorable claim of deliberate indifference to a serious medical need.  If Busby chooses to file an

23

5

1  amended civil rights complaint, he must allege facts demonstrating that he had a serious medical

2  need and that the defendants acted with deliberate indifference to his serious medical need.

3      **C.  Leave to Amend**

4      I grant Busby leave to file an amended complaint to cure the deficiencies of the

5  complaint.  If Busby chooses to file an amended complaint, he is advised that an amended

6  complaint replaces the original complaint and, thus, the amended complaint must be complete in

7  itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.

8  1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an

9  amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,

10  928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required

11  to reallege such claims in a subsequent amended complaint to preserve them for appeal).

12  Busby's amended complaint must contain all claims, defendants, and factual allegations that he

13  wishes to pursue in this lawsuit.  Busby should file the amended complaint on this court's

14  approved prisoner civil rights form and it must be entitled "First Amended Complaint."

15      If Busby chooses to file an amended complaint, he must do so by March 1, 2021.  If

16  Busby fails to file an amended complaint, this action will be dismissed.

17  **III.   MOTION**

18      Busby filed a motion titled as a motion to compel.  In his motion, Busby requests that the

19  court grant his application to proceed *in forma pauperis* so that this case can proceed.  The case

20  cannot proceed until Busby files an amended complaint.  I therefore deny the motion without

21  prejudice.

22  **IV.   CONCLUSION**

23      I order that a decision on the application to proceed *in forma pauperis* (ECF No. 6) is

deferred.

I further order the Clerk of the Court to file Busby's complaint (ECF No. 1-1) and send him a courtesy copy of the complaint.

I further order ordered that Busby's motion to compel is denied without prejudice.

I further order that Busby's complaint is dismissed in its entirety without prejudice and with leave to amend.

I further order that, if Busby chooses to file an amended complaint curing the deficiencies of her complaint as outlined in this order, he must file the amended complaint by March 1, 2021. For Busby's amended complaint to proceed to service, he must learn the identities of the Doe Defendants.  Busby should utilize available prison procedures to review his medical file to determine the names of the John Does.  If he still cannot discover their names after using available prison procedures, he may file a properly supported and complete motion for the court to issue a Rule 45 subpoena duces tecum.

I further order the Clerk of the Court to send to Busby the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the complaint (ECF No. 1-1).  If Busby chooses to file an amended complaint, he should use the approved form and he write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Busby fails to file an amended complaint by March 1, 2021, this action will be dismissed.

DATED THIS  3rd day of November 2020.

_____
UNITED STATES DISTRICT JUDGE