UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BUSBY, | Case No. 2:19-cv-01555-APG-BNW |
| Plaintiff | SCREENING ORDER ON AMENDED COMPLAINT |
| v. | |
| UNKNOWN OFFICER 1, et al., | |
| Defendants | |

**I.     DISCUSSION**

On November 3, 2020, I screened plaintiff Christopher Busby's civil rights complaint under 28 U.S.C. § 1915A. ECF No. 10. I dismissed the complaint in its entirety without prejudice, and with leave to amend. *Id.* at 7. I noted that the complaint did not include the name of any defendant, and that this case could not proceed to service without any named defendant to serve. I ordered Busby to file an amended complaint, including the names of the John Does, by March 1, 2021. *Id.* I also noted for Busby's benefit that if he could not discover the names of the defendants, he could file a motion for a subpoena duces tecum, to which he had to attach a copy of a proposed Rule 45 subpoena. *Id.* at 4 n.1.

Busby requested two extensions of time to file the FAC, which I granted. ECF Nos. 13, 15. The second extension gave Busby until July 2, 2021 to file an amended complaint. On July 7, 2021, he filed a motion for a subpoena duces tecum, without an attached copy of a proposed Rule 45 subpoena (ECF No. 17), and a first amended complaint (FAC) (ECF No. 16).

Although my screening order instructed Busby that he must include a copy of a proposed Rule 45 subpoena with his motion for a subpoena duces tecum, he did not attach a proposed subpoena to his motion. Rather, he simply provided a list of the documents he would like related to this case, including notes from the unnamed defendants and various medical records. ECF No.

17 at 6-7. Because Busby did not attach a proposed Rule 45 subpoena, I deny his motion without prejudice. Furthermore, the purpose of a motion for a subpoena duces tecum at this stage in these proceedings would be to determine the names of the defendants, not for Busby to conduct all his discovery requests.

If Busby wishes to file a second motion for a subpoena duces tecum, he must attach to his motion a copy of his proposed Rule 45 subpoena, and his motion must clearly identify the documents that would have the information Busby is seeking and must also explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Busby is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

I accept the FAC (ECF No. 16) as the operative complaint in this case. It does not include the names of any defendants. As I explained to Busby in my previous screening order, this case cannot proceed without a named defendant to serve. Because Busby has not included the names of any defendants in the FAC, I dismiss the FAC in its entirety, without prejudice and with leave to amend. Busby has had eight months to file an FAC with the names the individuals he wishes to sue, yet he has not done so. In light of Busby's *pro se* status, I will grant him one more opportunity. Busby may file a second amended complaint, including the names the individuals whom he wishes to sue, by October 15, 2021.

It appears that Busby now wants to the court to issues a subpoena duces tecum to assist him in learning the names of the defendants. If Busby wanted to use this procedure to learn the names of the unidentified defendants, he should have filed his motion before the deadline for filing an amended complaint. If he wishes to use a subpoena duces tecum to learn the names of the defendants for the second amended complaint, he should file his motion as soon as possible,

not wait until the deadline for his second amended complaint. I will not extend the deadline for Busby to file a second amended complaint if Busby fails to promptly file a motion for a subpoena duces tecum.

## II.     LEAVE TO AMEND

Busby is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If he chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint, and any previously filed amended complaint, and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Busby's second amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Busby should file the second amended complaint on this court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

If Busby chooses to file a second amended complaint that includes the names of the individuals that he wishes to sue, he will file the second amended complaint by **October 15, 2021**. If he fails to file a second amended complaint that includes the names of the individuals whom he wishes to sue by that deadline, this action will be dismissed without prejudice.

## III.    CONCLUSION

I therefore order that the FAC (ECF No. 16) is the operative complaint in this case.

I further order that the FAC is dismissed in its entirety without prejudice and with leave

to amend.

I further order that, if Busby chooses to file a second amended complaint curing the deficiencies of his FAC as outlined in this order, he will file the second amended complaint by October 15, 2021. The second amended complaint must include at least one named defendant.

I further order the Clerk of the Court to send to Busby the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the FAC (ECF No. 16). If Busby chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

I further order that if Busby fails to timely file an amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

I further order that Busby's motion for a subpoena duces tecum (ECF No. 17) is denied without prejudice because he did not attach a proposed Rule 45 subpoena. The Clerk of the Court will send Busby a courtesy copy of his motion for a subpoena duces tecum.

DATED THIS 20th day of July 2021.

_____
UNITED STATES DISTRICT JUDGE